UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>$48,940 IN UNITED STATES CURRENCY,<br>　　　　　　Defendant.<br><br>EDWIN BAROSY,<br>　　　　　　Claimant. | )<br>)<br>)<br>)　Civil Action No. 18-11582-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT REQUEST FOR A SCHEDULING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, and Claimant, Edwin Barosy, by his attorney, Matthew D. Thompson, submit this Joint Request for a Scheduling Order in accordance with Local Rule 16.1.

This is a civil forfeiture action brought by the United States against the Defendant property, $48,940 in United States Currency (the "Defendant Property") pursuant to 21 U.S.C. § 881(a)(6). The Property was seized from the Claimant on February 1, 2018 at Boston Logan International Airport, Terminal C.  The United States alleged that the Defendant Currency was subject to forfeiture, pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(4) because it constitutes property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841 and/or 846.

The Claimant has denied the allegations in the Complaint. The Claimant has timely filed an answer and claim to the Defendant Property.

**Proposed Pre-Trial Schedule**

1.　Claimant anticipates filing a Motion to Suppress pursuant to Rule G(8)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedures

and Supporting Memorandum of Law regarding the warrantless searches and resulting seizures of the Defendant Property. Challenges to the legality of the seizure are brought pursuant to a motion to suppress under Rule G(8)(a), not a motion to dismiss. Claimant as authority cites the protections of the Fourth Amendment by requiring warrants for seizures unless "there is probable cause to believe that the property is subject to forfeiture *and the seizure is made pursuant to a lawful arrest or search*." 18 U.S.C. 981(b)(2)(B). The parties reserve the right to raise additional questions of law.

Accordingly, Claimant seeks a phased discovery schedule. Claimant asserts that only limited discovery related to information relevant to Claimant's motion to suppress should take place pending resolution of Claimant's motion to suppress.

2. The government takes the position that phased discovery would not be an efficient use of resources. *Cf. U.S. v. Funds in the Amount of $575,840*, 2015 WL 1537577, * 4 (N.D. Ill. Mar. 31, 2015) (denying motion to suppress as premature on the grounds that the Court did not have sufficient evidence regarding the claimant's standing). While the illegal seizure of the *res* in an *in rem* forfeiture action may require suppression of the evidence, it does not require dismissal of the forfeiture complaint. *See* Fed R. Civ. P. Supp. Rule G(8)(a) ("Suppression does not affect forfeiture of the property based on independently derived evidence."). If the Court orders phased discovery, the government at a minimum seeks to depose the Claimant prior to the government filing any opposition to Claimant's motion to suppress.

3. Claimant opposes the taking of his deposition prior to a resolution of a motion to suppress.

4. Claimant requests a filing deadline forty-five days following the completion of this limited discovery.

5. The government takes the position that dispositive motions should be filed within 45 days of the phased or fact discovery deadline, and responses should be due within 30 days of the filing of the motion.

6. Claimant requests a full evidentiary hearing on the motion to suppress and request that the Court schedule a hearing thirty days after the filing of the government's opposition or at such time as is convenient for the Court.

7. Claimant proposes that after the motion to suppress is resolved the Parties will request an additional Scheduling Conference with respect to further conduct of the case.

8. The Parties do not consent to referral of this matter to a Magistrate Judge for further litigation and trial at this time.

|  |  |
|---|---|
| ANDREW E. LELLING<br>United States Attorney, | Respectfully submitted,<br><br>EDWIN BAROSY, |
| */s/ Annapurna Balakrishna*<br>By: Annapurna Balakrishna BBO # 655051<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>annapurna.balakrishna@usdoj.gov | */s/ Matthew D. Thompson*<br>By: Matthew D. Thompson<br>B.B.O. #655225<br>699 Boylston Street<br>Boston, MA 02116<br>(617) 367-2600<br>thompson@buttersbrazilian.com |

## Certificate of Service

I certify that this document will be filed using the ECF system will be automatically served upon claimant's counsel, who is registered with ECF, on June 4, 2019.

>*/s/ Annapurna Balakrishna*
>Annapurna Balakrishna
>Assistant United States Attorney